Tucker *v.* Tucker.

---

EZEKIEL I. TUCKER, executor of Warner Tucker, deceased, appellant,

*v.*

UZAL A. TUCKER et al., respondents.

1. An executor has no right, without authority from a competent court, to invest the funds of the estate in municipal bonds or bank stock.

2. Where commissions are paid on part of the estate at an intermediate accounting, commissions can only be allowed on the amount which comes into the executor's hands afterwards, and such commissions are calculated as if the subsequent receipts were part of the prior receipts.

---

Appeal from decree of orphans court of Union county, on the account of the appellant.

*Mr. E. Q. Keasbey,* for appellant.

*Mr. Luther Shafer,* for respondents.

THE ORDINARY.

The following questions were presented on the argument of this appeal: Whether certain investments made by the executor, the accountant, of the money of the estate in bonds of the city of Elizabeth and in bank stock, should be allowed; whether, if the investment in bank stock be disallowed, he should have an allowance of the tax paid by him thereon; whether he should be allowed interest paid by him on taxes assessed on the property of the estate, and whether he is entitled to full commissions on the whole estate, seeing that he was allowed such commissions on part of the estate in his intermediate account.

The orphans court disallowed the investments, and, while it charged him with the dividends which, by the account, he acknowledged he had received from the stock, disallowed the tax he had paid on the stock. It also disallowed the interest paid by him on taxes assessed on the property of the estate. At the close of his account the executor states that the securities, investments and assets of the estate consist of fifty shares of bank stock, eight bonds, of $1,000 each, of the city of Elizabeth, and certain real estate, which was obtained on an exchange. That real estate was properly specifically accounted for, as part of the estate, in accordance with the decision of this court in *Tucker* v. *Tucker, 2 Stew. Eq. 286.* The executor had no authority to invest any part of the estate in either municipal bonds or bank stock. According to his own testimony, he did not consult any of the legatees or devisees on the subject, nor mention the matter to them until after the investments were made. He bought the bonds from the city comptroller at less than par—ninety-eight cents on the dollar, and accrued interest. In about four weeks after he bought them, all of the legatees and devisees, he says, made complaint to him about the investment. He told them he considered the bonds good, and one of them said that legal counsel in the city (whom he named) advised that he get rid of them, but he refused to follow the advice or heed the complaint. He had no authority from the orphans court to invest. The investments in city bonds and bank stock cannot be allowed. Neither

Tucker v. Tucker.

of them is an investment recognized as proper for trust moneys in the absence of direction by competent authority. The municipal bonds in this case were, it will be noticed, bought of a city official and below par. Objectionable as these bonds have proved to be as an investment (they pay no interest, and now bring but forty or fifty cents on the dollar in the market), there are other municipal bonds, issued by competent authority, in this state, which would, perhaps, have been more so still. It is easy to see that to sanction the unauthorized investment of trust money by a trustee in municipal bonds would be a most unwise proceeding. Such investments have not been authorized by the court of chancery in this state. The rule on the subject of investments of trust money has been referred to in several cases. In *Gray* v. *Fox, Saxt. 259*, and *Vreeland* v. *Vreeland, 1 C. E. Gr. 512*, the court recognizes only government stocks and landed security, and condemns investments in stocks of private companies. In *Halsted* v. *Meeker, 3 C. E. Gr. 136*, and *Lathrop* v. *Smalley, 8 C. E. Gr. 192*, direction was given to trustees, and what were allowable investments was stated. They were declared to be securities of the United States or of this state and mortgages of real estate.

By our statute law (*Rev. 777 § 115*), executors, guardians and trustees may obtain the direction of the orphans court as to their investments, and if they follow it the loss which may be sustained will not fall on them. The act does not limit the court as to securities. It expressly authorizes executors, guardians and trustees to invest in the bonds of this state.

The executor in this case left the taxes on property of the estate unpaid, as he says, for two, three and perhaps four years, and paid interest on them at the rate of twelve or fifteen per cent. It does not appear that he was not in funds of the estate wherewith to pay them, but the contrary. The interest was properly disallowed.

He complains that the court, while charging him with the dividends received from the bank stock before mentioned, refused to allow him the amount paid by him for tax assessed on him for it. He charges himself with $225 received for divi-

dends on the stock up to July 1st, 1878. He bought it April 1st, 1878. The court, in restating the account, appear to have charged him with lawful interest on the amount of the par value of the stock, $5,000, up to the time of filing the account, November 18th, 1878, and also with the amount by which the dividends above mentioned (up to July 1st, 1878), exceeded that interest. But the executor does not charge himself with any dividends on the stock after July 1st, 1878. It appears, by the restatement of the account, that the stock paid a dividend of eight per cent. per annum, though there is no evidence on that head, and it is impossible, from the record, to say what dividends he, in fact, received or was entitled to on the stock up to the filing of the account. It is certain, however, that he is not charged with dividends after July 1st, 1878. It does not appear, therefore, that in view of the fact that the dividends on the stock probably exceeded the legal rate of interest on its par value, the disallowance of the tax paid by him was unjust to him. If he had been charged with all the dividends received, and they had exceeded or had been equal to the legal rate of interest on the par value of the stock, for the year for which the tax was paid, after deducting the tax, he should have been credited with the tax. But, as the case stands, the decree must be affirmed in this respect also.

He claims allowance, upon his final account, of full commissions on the entire estate in his hands, although he was allowed such commissions on by far the greater part of it on the settlement of his intermediate account. He is entitled to commissions only on the money which has come into his hands since the settlement of the intermediate account, and the commissions on that sum are to be allowed at the rate at which they would have been allowed if it had constituted part of the amount on which commissions were allowed on the settlement of the intermediate account.

An executor, administrator, guardian or trustee is not entitled, under the statute, to commissions more than once on the money which comes into his hands, and if commissions have been allowed, on an intermediate account, on part of the estate, he

will, on the final account, be entitled to commissions only on the balance which has come to his hands since. And in computing his commissions on the final account, commissions are to be reckoned upon the whole amount, and the balance, after deducting from those commissions the commissions allowed on the intermediate account, will be the amount to which he will be entitled. The amount on which the appellant was allowed commissions in the intermediate account was $23,475. He is entitled to commissions now on the amount which has come to his hands since, $4,922.98, at the rate of two per cent.

The orphans court so decreed.

The decree appealed from will be affirmed, with costs.